UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,          :
                                   :
                                   :
                                   : 02 Cr. 1372(BSJ)
         v.                        :
                                   : Order
IBN LEE,                           :
                                   :
              Defendant.           :
------------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/30/08

On August 20, 2004, defendant, Ibn Lee ("Lee"), pled guilty to a two-count superseding information in the above-captioned case. In August of 2005, Lee, then proceeding pro se, filed a motion to withdraw his plea. Following an evidentiary hearing, the Court issued an Order, dated May 5, 2008, denying Lee's withdrawal motion. Lee now moves for reconsideration of that Order.

Reconsideration of a Court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Secs. Litig., 113 F.Supp.2d 613, 614 (S.D.N.Y. 2000). Under Local Rule 6.3, which governs motions for reconsideration,[1] the moving party must present controlling

---

[1] The Court is mindful that Local Rule 6.3 is a rule of civil procedure. However, in the absence of an analogous rule, courts in this district have applied the Rule 6.3 standards for reconsideration to criminal cases. See, e.g., United States v. Ramerez, No. 03 Cr. 0834, 2004 WL 1252940, at *1 (S.D.N.Y. June 7, 2004) (noting that courts in this district have adopted the



law or factual matters that the court overlooked that might have materially influenced its decision. Pereira v. Aetna Casualty and Surety Co. (In re Payroll Express Corp.), 921 F.Supp. 1121, 1123 (S.D.N.Y. 1996); Violette v. Armonk Assocs., L.P., 823 F.Supp. 224, 226 (S.D.N.Y. 1993). Reconsideration is also appropriate in light of an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Doe v. New York City Dep't of Social Servs., 709 F.2d 782, 789 (2d Cir. 1983); Casino, LLC v. M/V Royal Empress, 1998 WL 566772, at *1 (E.D.N.Y. 1998). Local Rule 6.3 is to be narrowly construed and strictly applied. See Caleb & Co. v. E.I. Du Pont De Nemours & Co., 624 F.Supp. 747, 748 (S.D.N.Y. 1985).

Here, Lee has not drawn the Court's attention to facts or authority which the Court previously overlooked, nor has he presented an intervening change of law or newly available evidence. In sum, Lee has not provided any grounds which would necessitate granting relief from this Court's original decision. Moreover, even were the Court to consider the arguments raised

---

Rule 6.3 standard to criminal cases); United States v. Delvi, No. 01 Cr. 0074, 2004 WL 235211, at *1 n. 2 (S.D.N.Y. Feb. 6, 2004) (concluding that the Rule 6.3 standard applies to criminal cases); United States v. Mottley, No. 03 Cr. 0303, 2003 WL 22083420, at *1 (S.D.N.Y. Sept. 9, 2003) (employing the Rule 6.3 standard to a motion to reconsider a denial of criminal defendant's motion to suppress evidence); see also U.S. v. Demosthene, 326 F.Supp.2d 531, 533 (S.D.N.Y. 2004). Accordingly, this Court will employ the Local Civil Rule 6.3 standard to Lee's request for reconsideration.

in Lee's instant motion, they are wholly without merit. Lee contends that the Court should reconsider its finding that he knowingly and voluntarily entered his plea because at the plea allocution he did not expressly acknowledge that he understood the minimum and maximum sentences he faced and the possibility of concurrent or consecutive time on those counts. Lee argues that "the Court is simply assuming from the record that Mr. Lee understood everything that the Court told him." (Lee Letter dated May 12, 2008 at 2).

However, during the plea allocution the Court engaged in a lengthy explanation of the maximum and minimum penalties that Lee faced on each charge. (Plea Tr. at 9-13). Specifically, the Court repeatedly told Lee that a sentence under 924(c) must run consecutively to any other term of imprisonment. (Plea Tr. 9-10). In addition, the Court clearly asked Lee whether he understood that he faced a "maximum term of life imprisonment," to which he replied, "I understand." (Plea Tr. at 10-11).

Moreover, at the April 17, 2008 evidentiary hearing, Lee's former attorney, Martin Siegel, testified that in advance of Lee's guilty plea: (i) Siegel advised Lee of the maximum penalties of all of the charges to which he was pleading guilty; (ii) Siegel advised Lee that the charge pursuant to 18 U.S.C. § 924(c) carried a mandatory minimum sentence of 10 years' imprisonment, which had to be consecutive to the sentences for

other charges; (iii) Siegel advised Lee that he faced a potential maximum sentence of life imprisonment and a total likely sentence of 35 years' imprisonment; (iv) Siegel provided Lee with a copy of the plea agreement in advance of his plea[2]; and (iv) based on Siegel's conversations with Lee, it was Siegel's opinion that Lee seemed to have an understanding of the penalties that he faced as a result of the plea. (Hearing Tr. at 31-33).

Thus, the record demonstrates that at the time he entered his guilty plea, Lee had indicated, both to his lawyer and to the Court under oath, that he understood the maximum penalties he was facing. Accordingly, Lee has failed to establish that his plea was not knowing or voluntary on the basis that he did not fully understand the potential penalties for the charges to

---

[2] In his motion for reconsideration, Lee asserts that at the April 17, 2008 hearing, Mr. Siegel testified "that he had mailed Mr. Lee a copy of the plea agreement several days prior to the plea." (Lee Letter dated May 12, 2008 at 2). Lee points out, however, that he pled guilty on August 20, 2004 and the plea agreement is dated August 19, 2004. Therefore, Lee contends that Siegel "could not have sent a copy of it to him several days prior to the plea." (Lee Letter at 2). Lee argues that "[t]hese misstatements by Siegel make it very doubtful that the Court can trust Mr. Siegel's testimony on this point." (Lee Letter at 2). The Court disagrees. First, Lee mischaracterizes Siegel's testimony. Siegel testified that his "normal policy" was to "make a copy of the plea agreement and ... give it to the defendant to study for a few days." (Hearing Tr. at 31). Siegel then testified that he had followed his normal procedure in this case. (Hearing Tr. at 31). Second, the Court does not find that Siegel's testimony is unreliable simply because after nearly four years, Siegel may have misspoken with respect to this collateral issue. Rather, the Court finds the thrust of Siegel's testimony-- that he had provided Lee with a copy of the plea agreement and reviewed the terms of that agreement with Lee prior to the plea allocution—to be credible. Additionally, the Court notes that Lee has never claimed that Siegel failed to review the plea agreement with him prior to the plea allocution. Indeed, at the plea allocution, Lee stated on the record that he had reviewed the agreement with his counsel. (Plea Tr. at 8).

4

which he was pleading guilty. The instant motion for reconsideration is denied and the Court's May 5, 2008 ruling denying Lee's motion to withdraw his guilty plea stands.

The parties are reminded that sentencing is scheduled for August 4, 2008 at 10a.m.

**SO ORDERED:**

                                                            /s/ Barbara S. Jones
                                                            BARBARA S. JONES
                                                            **UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
            July 30, 2008